SANTOS TORRES OJEDA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1171.—*Sometido:* Noviembre 5, 1945. *Resuelto:* Noviembre 20, 1945.

*Andrés Mena Latorre,* abogado del recurrente; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Santos Torres Ojeda suscribió un pagaré al portador por la cantidad de $1,000 y para garantizarlo constituyó hipoteca sobre una finca de su propiedad por escritura núm. 20 de 17 de abril de 1939 ante el notario Carlos D. Vázquez, ins-

crita en el Registro de la Propiedad de Caguas, al folio 52, tomo 41 de Guaynabo, finca 894, duplicado, inscripción tercera.

El 21 de febrero de 1944 el mismo Santos Torres Ojeda compareció ante el notario Andrés Mena Latorre y por escritura núm. 57 expuso que hallándose en su poder el pagaré antes mencionado lo había destruído totalmente, por lo cual quería y consentía "bajo su exclusiva responsabilidad" que en el Registro de la Propiedad se cancelase totalmente la hipoteca que en garantía de la referida obligación había constituído por dicha escritura de 17 de abril de 1939.

El recurrente presentó la escritura de cancelación en el Registro de la Propiedad acompañada de la escritura de constitución de hipoteca, siendo denegada la cancelación por no haber dado fe el notario autorizante de haber inutilizado el pagaré en cuestión. En su lugar se tomó anotación preventiva por 120 días.

A los efectos de convertir en inscripción definitiva la anotación preventiva, el recurrente volvió a presentar la escritura de cancelación acompañándola esta vez de una declaración jurada del propio recurrente haciendo constar que hallándose el pagaré en su poder, lo había destruído totalmente. Volvió a denegar el Registrador la cancelación por el mismo fundamento, agregando que el procedimiento seguido por el recurrente para acreditar la destrucción del pagaré con su declaración jurada, no es el prescrito por la Ley.

██ El último párrafo del artículo 82 de la Ley Hipotecaria nos da la solución del presente caso. Dice así:

"Artículo 82.— . . . . . . .
"Las inscripciones hechas para responder de cantidades representadas por títulos al portador o trasmisibles por endoso, se cancelarán presentándose la escritura otorgada por los que hayan cobrado los créditos, *en la cual debe constar haberse inutilizado en el acto de su otorgamiento, los títulos endosables o al portador. Si todos o algunos de dichos títulos se hubiesen extraviado, sólo podrán cancelarse*

*dichas inscripciones por medio de mandamiento judicial creditivo de haber recaído sentencia firme, obtenida por el procedimiento ordinario del Código de Enjuiciamiento Civil, en que se declare haber quedado extinguidas dichas obligaciones."* (Bastardillas nuestras.)

El recurrente sin duda creyó de aplicación el art. 136 del Reglamento para la Ejecución de la Ley Hipotecaria, y por ese motivo y no obstante lo prescrito en el último párrafo del art. 82 antes transcrito, acompañó la escritura de constitución de hipoteca y el *affidavit* de que se ha hecho referencia. El art. 136 del Reglamento en lo pertinente dice así:

"Artículo 136.—La misma escritura en cuya virtud se haya hecho la inscripción de una obligación, será título suficiente para cancelarla, si resultare de ella o de otro documento fehaciente que dicha obligación ha caducado o se ha extinguido."

. No se necesita esfuerzo alguno para concluir que el art. 136 del Reglamento sólo se aplica al párrafo segundo del art. 82 de la Ley Hipotecaria que dice:

"No obstante lo dispuesto en el párrafo anterior, las inscripciones o anotaciones a que el mismo se refiere, podrán cancelarse sin los requisitos expresados, cuando quede extinguido el derecho inscrito por declaración de la ley, o resulte así de la misma escritura inscrita."

Pero ése no es el caso ante nos. Aquí se trata de una obligación al portador para cancelar la cual se ha provisto un procedimiento adecuado en el art. 82 de la Ley Hipotecaria.

La destrucción del pagaré a los efectos del art. 82 equivale a su extravío, puesto que es físicamente imposible presentarlo al notario para ser inutilizado por éste en el acto del otorgamiento. Para la cancelación de la hipoteca en tales casos requiere el art. 82 la garantía de una sentencia firme que acredite la destrucción o extravío del pagaré. Ninguna seguridad ofrecería a los que pudieran ser tenedores del pagaré hipotecario si la mera declaración jurada del dueño de la finca gravada, al efecto de que el pagaré estuvo

en su poder y él lo había destruído, acompañando esta declaración de una escritura de cancelación otorgada por él mismo, bastase para cancelar la hipoteca en el Registro. Podría ser falsa esa declaración y mediante ella perjudicar los derechos de un tercero que fuese tenedor del pagaré.

*Por lo expuesto procede confirmar la nota recurrida.*